**FILED**

08/09/2016

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 15-0733

DA 15-0733

IN THE SUPREME COURT OF THE STATE OF MONTANA

2016 MT 193N

IN THE MATTER OF:

F.L.,

A Youth in Need of Care.

APPEAL FROM:    District Court of the Eighth Judicial District,
In and For the County of Cascade, Cause No. CDN-12-154(a)
Honorable Gregory G. Pinski, Presiding Judge

COUNSEL OF RECORD:

For Appellant:

Carolynn M. Fagan, Fagan Law Office, P.C., Missoula, Montana

For Appellee:

Timothy C. Fox, Montana Attorney General, Jonathan M. Krauss;
Assistant Attorney General, Helena, Montana

John W. Parker, Cascade County Attorney, Valerie Winfield, Deputy
County Attorney, Great Falls, Montana

Submitted on Briefs:  July 27, 2016

Decided:  August 9, 2016

Filed:

_____
Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1　Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2　The father of F.L. appeals from the judgment of the Eighth Judicial District Court terminating his parental rights. The issue on appeal is whether the District Court abused its discretion in terminating the father's parental rights. We affirm.

¶3　Three-year-old F.L. was removed from her birth mother's home in 2012 and adjudicated a youth in need of care based on reports of domestic abuse in the home. Initially, F.L. was placed with her father, who did not live with F.L.'s mother. That placement ended in July 2014 when the father was arrested for a probation violation.

¶4　In August 2015 the State of Montana petitioned to terminate the father's parental rights pursuant to § 41-3-609(4)(c), MCA, on grounds that the father was incarcerated for more than one year and reunification was not in F.L.'s best interests. After an October 2015 hearing, the District Court terminated the father's parental rights.[1]

¶5　In this appeal, the father argues the District Court misapprehended the effect of the evidence because he testified during the termination hearing that he was going to be

---

[1] The parental rights of F.L.'s mother to F.L. and three of her half-siblings also have been terminated, and this Court has affirmed that decision. *In re J.W.*, 2015 MT 128N, 353 P.3d 506 (Table).

placed in the Nexus Treatment Center program, which he felt he would likely complete in nine months. He testified that would entitle him to suspension of the remainder of his prison term. The father also argues on appeal that the record does not contain substantial evidence to support the District Court's findings and conclusion that reunification with him is not in F.L.'s best interests. Finally, the father argues that the District Court's finding and conclusion that F.L. had been "in out-of-home care for 15 of the last 22 months, for a total of 37 months" was clearly erroneous.

¶6 Under § 41-3-609(4)(c), MCA, a court may order termination of the parent-child legal relationship upon findings established by clear and convincing evidence that the parent is or will be incarcerated for more than a year and reunification of the child with the parent is not in the child's best interest. We review a decision to terminate parental rights for abuse of discretion. *In re A.T.,* 2003 MT 154, ¶ 9, 316 Mont. 255, 70 P.3d 1247.

¶7 The District Court relied upon the judgments entered in the father's criminal cases to determine the duration of his incarceration. The father was sentenced to ten years, five of which are suspended, at the Montana State Prison, to be served consecutive to a four-year commitment to the Montana Department of Corrections on a prior conviction of possession of dangerous drugs with intent to distribute. Even with credit for 232 days served in jail, on the face of those judgments, the father is subject to incarceration for nearly nine years. The father's expectation that he would complete the Nexus program in nine months and then be released on probation was optimistic but speculative. We hold

that the District Court did not abuse its discretion in relying on the sentencing orders rather than the father's expectations of himself and the corrections system.

¶8     The District Court found that the father's unavailability directly impacts F.L.'s emotional well-being, because she needs and deserves permanency and stability. The length of time F.L. had been in out-of-home care is important because of the presumption that, after a child has been in out-of-home placement for fifteen of the last twenty-two months, the best interests of the child will be served by termination of parental rights. *See* § 41-3-604(1), MCA. Review of the record indicates that, although thirty-seven months had passed between F.L.'s removal from her mother's home and the father's termination hearing, F.L. had been out of the father's care for fifteen months. Thus, the District Court's somewhat confusing finding does not alter the presumption that F.L.'s best interests will be served by termination of her father's parental rights.

¶9     We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. This appeal presents no constitutional issues, no issues of first impression, and does not establish new precedent or modify existing precedent.

¶10    Affirmed.

/S/ MIKE McGRATH

We Concur:

/S/ PATRICIA COTTER
/S/ JAMES JEREMIAH SHEA
/S/ BETH BAKER
/S/ LAURIE McKINNON

4